**H.E.M. TRADING CORPORATION, dba Aluma–Systems, Plaintiff— Appellant,**

v.

**CONSTRUCTION SERVICES, INC.; Allan Cobb; Barry McComish, Defendants—Appellees.**

No. 99–17292.

D.C. No. CV–99–00051–JSU.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2001 *.

Decided July 17, 2001.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

Before CANBY, HAWKINS, and RONALD M. GOULD, Circuit Judges.

### MEMORANDUM **

H.E.M. Trading Corporation ("HEM") brought this diversity action against Construction Services, Inc., Allan Cobb, and Barry McComish (collectively, "CSI") to recover: (1) monies owed under a consignment agreement between HEM and CSI (the "Agreement"); and (2) equipment belonging to HEM that was in the possession of CSI. On CSI's motion, the district court dismissed the action on the ground that HEM did not have a license to conduct business on Guam and was therefore barred from maintaining a lawsuit in a Guam court. We reverse and remand for further proceedings consistent with our disposition.

■ The Business License Law of Guam ("BLLG"), 11 GCA section 70101, *et seq.*, requires any "person" [1] conducting "business" [2] on Guam to obtain a business license. 11 GCA §§ 70102, 70119. The purpose of this statute is twofold—(1) to "protect[ ] the health, safety and morals of the people of Guam," 11 GCA § 70102; and (2) "to obtain compliance and collection of gross receipts taxes," *Taijeron v. Kim,* 1999 Guam 16 n. 5.

The BLLG imposes certain restrictions on persons who conduct business on Guam without a proper license. Relevant here,

"[n]o person engaged in commercial activity without a business license may use the courts to enforce, directly or indirectly, any obligation, lien, or contract incurred during the period of such commercial activity without a business license." 11 GCA § 70130(d).

■ There is no question that HEM qualifies as a "person" under the BLLG. The issue is whether, for purposes of the BLLG, HEM conducted business on Guam. We conclude that it did not.

The district court determined that: (1) the relationship between HEM and CSI was that of employer and employee; and (2) by virtue of this relationship, HEM was conducting business on Guam without a business license. For these reasons, the district court dismissed the lawsuit under 11 GCA § 70130(d). This was error.

The record does not support the district court's conclusions. Nothing in the complaint, the motion to dismiss, or the supporting papers filed by either party suggests that HEM and CSI were employer and employee. Moreover, on appeal, CSI admits that it was not an employee of HEM and that HEM was not its employer. Accordingly, CSI's concession indicates that the district court's reasoning was incorrect. Nonetheless, CSI asks us to sustain the district court's ultimate conclusion—that HEM did business in Guam—on other grounds.

■ The facts as alleged in the complaint indicate that HEM is an off-shore

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. "Person" is defined as "any individual, firm, copartnership, joint venture, association, corporation, estate, trust, or other group or combination acting as a unit." 11 GCA § 70103(1).

2. "Business" is defined as "any activity or conduct (whether proprietary, partnership, corporate, or whatever form) engaged in, or caused to be engaged in, with the object of gain or economic benefit, either direct or indirect, but shall not include casual sales, personal service contracts or fund raising activities by political candidates, committees, parties, corporations, associations, organizations or funds." 11 GCA § 70103(c).

company with no presence on Guam. HEM's only connection to Guam was an arms-length contract entered into with a Guam corporation. It is not disputed that HEM obtained revenue from CSI's commercial activity on Guam and exercised contractual control over some aspects of the parties' relationship. But such facts and others presented in the record,[3] are insufficient to bring HEM within the scope of the BLLG. In view of the nature of the Agreement—one for consignment—such contractual rights as HEM had are not extraordinary, nor is the fact that HEM retained title to the equipment consigned.

We hold that HEM did not need to obtain a business license in connection with the Agreement, and is not barred from pursuing this action by reason of not having one.

We express no view on the merits of the underlying action. We reverse the dismissal and remand for further proceedings consistent with our disposition.

REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.

---

**3.** CSI's motion to dismiss normally would be resolved solely on the basis of the allegations in the complaint. If other materials were to be considered, the practice would be to convert the motion to dismiss into a motion for summary judgment and then permit HEM to provide evidence in support of its position. Here, the motion to dismiss was not expressly converted into a summary judgment motion, and it is not clear whether the district court considered facts beyond the allegations in the complaint and the attached Agreement. Our analysis would be the same in any event. Even considering all materials submitted by the parties, the record does not establish that HEM is subject to the BLLG.